IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD D. MACHETTE, | : |
| Petitioner, | : |
| v. | : C.A. No. 14-582-LPS |
| DAVID PIERCE, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

**MEMORANDUM**

**I.   BACKGROUND**

In 2007, a Delaware Superior Court jury convicted Petitioner Richard D. Machette of aggravated menacing and possession of a deadly weapon during the commission of a felony. *See Machette v. State*, 977 A.2d 898 (Table), 2009 WL 2426202, at *1 (Del. Aug. 10, 2009). The Superior Court sentenced Petitioner as a habitual offender to a total thirty years of Level V incarceration. Petitioner filed a timely notice of appeal which he later moved to voluntarily dismiss, and the Delaware Supreme Court granted that motion. *See Machette v. Phelps*, 2011 WL 2119334, at *1 (D. Del. May 27, 2011).

In 2009, Petitioner filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2007 convictions. The Court denied the petition because the claims were procedurally barred. *See Machette*, 2011 WL 2119334, at *4.

Presently pending before the Court is Petitioner's new petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). The instant Petition challenges Petitioner's 2007 convictions on the basis that testimony and out-of-court statements were erroneously entered into

evidence during his trial. (D.I. 1 at 16-19)

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

The dismissal of Petitioner's first § 2254 petition as procedurally barred constitutes an adjudication on the merits. *See Hernandez v. Diguglielmo*, 2005 WL 331734, at *2 (E.D. Pa. Feb. 10, 2005) (holding court's denial of petitioner's first habeas application as procedurally barred constitutes adjudication on merits for second or successive purposes) (collecting cases). Petitioner could have asserted the instant "perjured testimony" and "perjured out-of-court statement" claims in his first habeas petition. As a result, the Court concludes that the instant Petition constitutes a second or successive habeas petition within the meaning of 28 U.S.C. § 2244.

To the extent Petitioner's assertion that he has "newly discovered evidence" that his bail was set on August 2006 at 1:15 a.m. is an attempt to fit within § 2244(b)(2)(B)(i)'s exception to

2

the second or successive bar,[1] it is unavailing. (D.I. 1 at 20) Pursuant to 28 U.S.C. § 2244(b)(3), the Court of Appeals for the Third Circuit, and not this Court, must determine if "newly discovered" evidence triggers the § 2244(b)(2)(B)(i) exception to the second or successive limitation when considering whether to authorize the filing of a second or successive habeas petition. Notably, Petitioner does not allege, and there is nothing in the record to indicate, that the Third Circuit authorized the filing of the pending Petition. Accordingly, the Court will dismiss the Petition for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

## IV. CONCLUSION

For the reason set forth above, the Court will summarily dismiss the instant Petition for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: August 21, 2015
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[1] Section 2244(b)(1)(B)(i) provides that a "claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless the factual predicate for the claim could not have been discovered previously through the exercise of reasonable diligence." 28 U.S.C. § 2244(b)(1)(B)(i).

3